UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-22133-JEM

RYAN MAUNES MAGLANA, *on his own behalf and as a class representative of all other similarly situated Filipino crewmembers trapped aboard CELEBRITY cruise vessels,*

      Plaintiffs,
v.

CELEBRITY CRUISES INC.,

      Defendant.
_____/

## DEFENDANT'S MOTION COMPEL ARBITRATION AND DISMISS PLAINTIFF'S COMPLAINT

Defendant CELEBRITY CRUISES, INC. ("Celebrity"), petitions the Court to enter an Order directing Plaintiff, Ryan Maunes Maglana ("Plaintiff"), to proceed to arbitration in accordance with the terms of the Employment Agreement he signed with Celebrity, and dismissing Plaintiff's Complaint (ECF No. 4-1).

### I. Preliminary Statement

Plaintiff executed the Sign-On Employment Agreement and the Philippine Overseas Employment Administration Contract of Employment. Those contracts, which govern the parties' relationship, are subject to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention") and require the resolution of all disputes by arbitration in the Philippines under Philippine law. Accordingly, the Court should enter an Order directing Plaintiff to proceed to arbitration, as he agreed to do when he signed his employment contract, and dismissing the Complaint.[1]

---

[1] Celebrity does not raise at this stage its other defenses, such as the class action waiver and Plaintiff's failure to satisfy conditions precedent by attending a conciliation conference as required by the Employment Agreement and class action waiver.

CASE NO. 1:20-cv-22133-JEM

## II. Statement of Facts

1.      Plaintiff, a crewmember and citizen of the Philippines, filed an 8-count Class Action Complaint against Celebrity alleging systemic company-wide discriminatory treatment of Filipino employees.  Specifically, Plaintiff's Complaint against Celebrity asserts claims for (1) Preliminary Mandatory Injunction Requiring Repatriation of Defendant's Filipino Crewmembers; (2) Intentional Tort of False Imprisonment; (3) Employment Discrimination on the Basis of National Origin; (4) Jones Act Negligence; (5) Unseaworthiness; (6) Failure To Provide Maintenance and Cure; (7) Failure to Provide Prompt, Proper & Adequate Medical Care; and (8) Wages and Penalties Pursuant to 46 U.S.C. §10313.

2.      Plaintiff's claims are governed by the terms of his Employment Agreement with Celebrity which requires all disputes between Plaintiff and Celebrity to be resolved by binding arbitration in the Philippines and decided under Philippine law.  *See* "Sign-on Employment Agreement" dated October 23, 2019; "Collective Bargaining Agreement" ("CBA");[2] "Contract of Employment" dated October 18, 2019; and "POEA's Standard Terms and Conditions Governing Filipino Seafarers," attached as Exhibits "A" through "D" (collectively "Employment Agreement"). These records are maintained by Celebrity in the ordinary course of business.  See Exhibit "E."  Each document will be addressed below individually.

3.      Plaintiff executed a "Sign-On Employment Agreement" ("SOEA Contract"), for employment onboard the *Celebrity Millennium* as a Beverage Controller, that sets forth the basic terms and conditions of employment, including salary and hours.  The SOEA requires all grievances to be resolved by arbitration in the Philippines:

> **All grievances** and any other dispute whatsoever, whether in contract, regulatory, statutory, common law, tort or otherwise relating to or in anyway connected with the Seafarers service for the Owners/Company under the present Agreement, including but not limited to claims for personal injury/disability or death, no matter how described, pleaded or styled, and whether asserted against the Owners/Company, Master, Employer, Ship Owner, vessel or vessel operator **shall be referred to and resolved exclusively by mandatory arbitration pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards** (New York 1958), 21 U.S.T. 2517, 330 U.N.T.S., ("The Convention"), except as provided by any government mandated contract.

---

[2] Collective Agreement Between Celebrity Cruises Inc. and Federazione Italiana Trasporti-CISL-ITF International Dept.-Italy on Behalf of Itself and Associated Marine Officers' and Seamen's Union of the Philippines, effective July 1, 2017.

. . .

**Jurisdiction and venue over disputes between Filipino Seafears and the Owners/Company shall be governed by the terms of the standard Philippines Overseas Employment Administration Contract of Employment ("POEA" Contract")** and the POEA Contract jurisdictional and venue terms shall supersede and take precedence over any conflicting terms set forth in this agreement. (emphasis added).

See Exhibit "A" at *ARBITRATION PROCEDURE*, ¶¶ 1 and 4.

4. The SOEA Contract further delegates to the arbitrator broad authority to resolve disputes:

> The arbitrator, not any federal, state or local court or agency shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement including, but not limited to any claim that all or any part of this agreement is void or voidable and as to choice of law.

See Exhibit "A" at *ARBITRATION PROCEDURE*, ¶ 14.

5. The SOEA incorporates the CBA. The CBA contains language identical to the arbitration provision in the SOEA requiring arbitration of all disputes whatsoever. *See* Exhibit "B" at Art. 33(1), (4).

6. Plaintiff also signed a contract with the Philippine Overseas Employment Administration ("POEA Contract") for employment that sets forth the basic terms and conditions of employment and incorporates by reference the Governing Board Resolution No. 9 and the Memorandum Circular No. 10, both series 2010. Exhibit "C."

7. The POEA Contract specifically incorporates the POEA's Standard Terms and Conditions Governing the Employment of Filipino Seafarers On Board Ocean-Going Vessels ("POEA's Standard Terms and Conditions"). *See* Exhibit "C" at ¶ 2. The POEA's Memorandum Circular No. 10 requires the incorporation of and sets the minimum requirements for the POEA's Standard Terms and Conditions. *See* Exhibit "D."

8. The Standard Terms and Conditions require that the parties submit their claims and disputes to arbitration. *See* Exhibit "D" at § 29. The Standard Terms and Conditions also state that any dispute, claim or grievance shall be governed by the laws of the Republic of the Philippines, international conventions, treaties and covenants where the Philippines is a signatory. *Id.* at § 31. Such provisions are ordinarily enforced. *Asignacion v. Rickmers Genoa*

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

*Schiffahrtsgesellschaft mbH & Cie KG*, 783 F.3d 1010, 1015 (5th Cir.2015) *cert. denied*, ––– U.S. –––, 136 S.Ct. 795, 193 L.Ed.2d 764 (2016)("Applying Philippine law to a Filipino seaman in a Philippine arbitration, by itself, is not cause for setting aside the award even if American choice of law principles would lead to the application of another nations law.")

9. Plaintiff filed the instant class action suit notwithstanding his binding written agreement to arbitrate the dispute in the Philippines under Philippine law.

## **MEMORANDUM OF LAW**

Plaintiff's claims arise out of his employment with Celebrity and are subject to the terms of the Employment Agreement which mandate arbitration in the Philippines under Philippine law. By failing to submit his claims to arbitration as required by the Employment Agreement, Plaintiff is acting in direct contravention to the terms of the contracts he signed and the directives of his own country which has established the POEA to supervise, regulate, promote, and monitor overseas employment programs for the purpose of ensuring the best terms and conditions of employment for Filipino contract workers. Plaintiff is also acting in direct contravention to the terms of his contract with Celebrity. The Court should order Plaintiff to submit to arbitration in the Philippines under Philippine law pursuant to the terms of his Employment Agreement.

### A.   **Federal Law Favors Arbitration**

Federal law strongly favors agreements to arbitrate, particularly in international commercial transactions. *See Scherk v. Alberto-Culver Co.,* 417 U.S. 506 (1974). In *Mitsubishi Motor Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614 (1985), the Supreme Court held:

> Concerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes require that we enforce the parties' agreement, even assuming that a contrary result would be forthcoming in a domestic context.

*Id.* at 629. In *Lindo v. NCL (Bahamas), Ltd.,* 652 F.3d 1257, 1275 (11th Cir. 2011), the Eleventh Circuit held that there is ample precedent "in favor of freely-negotiated contractual choice of law and forum selection provisions, and this presumption applies with special force in the field of international commerce." "Questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration … and doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Adolfo v. Carnival Corp.,* Case No. 02-23672, 2003 U.S. Dist. LEXIS 24143 (S.D. Fla. Mar. 17, 2003) (relying upon *Mitsubishi Motors Corp.* 473

- 4 -

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

U.S. at 626). *See also Bautista v. Star Cruises*, 396 F.3d 1289, 1295 (11th Cir. 2005)(The Convention Act "generally establishes a strong presumption in favor of arbitration of international commercial disputes.")

**B.** **The Convention Act**

International arbitration agreements are subject to the Convention which provides that a court possessing jurisdiction under the Convention must direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or outside the United States. 9 U.S.C. § 206. The SOEA, CBA, POEA Contract and the POEA Terms and Conditions also expressly state that the arbitration is to be held pursuant to the Convention.

In light of the strong policy favoring arbitration, courts conduct "a very limited inquiry" in deciding whether to compel arbitration pursuant to the Convention. *Escobar v. Celebration Cruise Operator, Inc.*, 805 F.3d 1279, 1285 (11th Cir. 2015) citing *Bautista v. Star Cruises,* 396 F.3d 1289 (11th Cir. 2005); *Francisco v. Stolt Achievement MT*, 293 F.3d 270, 272 (5th Cir. 2002); *Ledee v. Ceramiche Ragno,* 684 F.2d 184 (1st Cir. 1982). Quite simply, "the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on the issues as to which an arbitration agreement has been signed." *Sedco v. Petroleos Mexicanos Mexican National Oil Co.*, 767 F.2d 1140, 1147 (5th Cir. 1985).

The Court must order arbitration if the following four conditions are met: (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen. *See Lindo*, 652 F.3d 1276 (citing *Bautista*, 396 F.3d at 1294-95). *See also Francisco*, 293 F.3d at 273; *Polychronakis v. Celebrity Cruises, Inc.*, 2008 WL 5191104 (S.D. Fla. 2008); *Doe v. Royal Caribbean Cruises*, 365 F. Supp. 2d 1259 (S.D. Fla. Mar. 18, 2005)*; aff'd, Doe v. Royal Caribbean Cruises,* 180 Fed. Appx. 893 (11th Cir. May 18, 2006). Here, all four conditions are met; thus, arbitration must be compelled.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

1.      **There is an Agreement in Writing to Arbitrate**

The Employment Agreement governs the relationship of the parties and requires arbitration of all disputes. Specifically, the SOEA executed by Plaintiff and Celebrity and the CBA incorporated into the SOEA mandate arbitration of all disputes *whatsoever*:

> **All grievances** and any other dispute whatsoever, whether in contract, regulatory, statutory, common law, tort or otherwise relating to or in anyway connected with the Seafarers service for the Owners/Company under the present Agreement, including but not limited to claims for personal injury/disability or death, no matter how described, pleated or styled, and whether asserted against the Owners/Company, Master, Employer, Ship Owner, vessel or vessel operator **shall be referred to and resolved exclusively by mandatory arbitration pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards** (New York 1958), 21 U.S.T. 2517, 330 U.N.T.S., ("The Convention"), except as provided by any government mandated contract.
> . . .
> **Jurisdiction and venue over disputes between Filipino Seafears and the Owners/ Company shall be governed by the terms of the standard Philippines Overseas Employment Administration Contract of Employment ("POEA" Contract")** and the POEA Contract jurisdictional and venue terms shall supersede and take precedence over any conflicting terms set forth in this agreement. (emphasis added).

*See* Exhibit "A" at *ARBITRATION PROCEDURE*, ¶¶ 1 and 4, and Exhibit "B" at Art. 33(1), (4).

Plaintiff also signed the POEA Contract, which was verified and approved by a POEA officer the same day. *See* Exhibit "C." Paragraph 2 of Plaintiff's POEA Contract states that the terms and conditions of the contract are to be observed in accordance with Governing Board Resolution No. 9 and Memorandum Circular No. 10, promulgated by the Department of Labor and the POEA in 2010.[3] Governing Board Resolution No. 9 and Memorandum Circular No. 10, in turn, incorporate the Standard Terms and Conditions Governing The Overseas Employment of Filipino Seafarers On-Board Ocean-Going Ships. *See* Exhibit "D." In relevant part, Section 29 of the Standard Terms and Conditions, reads as follows:

> In cases of claims and disputes arising from this employment, the parties covered by a collective bargaining agreement shall submit the claim or dispute to the

---

[3] The POEA supervises, regulates, promotes, and monitors overseas employment programs for the purpose of ensuring the best terms and conditions of employment for Filipino contract workers. *Bautista v. Star Cruises*, 286 F. Supp. 2d 1352, 1356 (S.D. Fla. 2003). To further this purpose, the POEA periodically issues memorandum circulars setting minimum requirements or standards of compensation and other benefits for overseas Filipino workers, especially seafarers, to keep them on par with prevailing international standards. *Id.*

- 6 -

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

>original and exclusive jurisdiction of the voluntary arbitrator or panel of arbitrators. If the parties are not covered by a collective bargaining agreement, the parties may at their option submit the claim or dispute to either the original and exclusive jurisdiction of the National Labor Relations Commission (NLRC), pursuant to Republic Act of 1995 or to the original and exclusive jurisdiction of the voluntary arbitrator or panel or arbitrators. If there is no provision as to the voluntary arbitrators to be appointed by the parties, the same shall be appointed from the accredited voluntary arbitrators of the National Conciliation and Mediation Board of the Department of Labor and Employment.

(*See* Exhibit "D" at § 29).  Thus, the POEA mandates the arbitration of Filipino seamen's claims.

The foregoing shows that Plaintiff signed two contracts that include an arbitration provision; therefore, the first condition is satisfied.

### 2. The Agreement Provides for Arbitration in the Territory of a Convention Signatory

The Philippines is a full signatory to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards through its ratification of The Convention. Therefore, the second condition is satisfied. *See* *http://www.newyorkconvention.org/list+of+contracting+states*

### 3. The Agreement Arises Out of a Commercial Legal Relationship

The third condition is satisfied because the agreement to arbitrate arises from a commercial legal relationship.  Federal courts have consistently found that employment contracts similar to Plaintiff's constitute a commercial legal relationship for the purposes of compelling arbitration. *See Francisco*, 293 F.3d at 273.  Courts in this District have found that crew member employment contract containing an arbitration provision satisfied the commercial legal relationship requirement for purposes of compelling arbitration. *See Amon v. Norwegian Cruise Lines, Ltd.*, Case No. 02-21025-CIV-HUCK, 2002 WL 32851545, at *4 (S.D. Fla. Sep. 25, 2002) (order granting motion to compel arbitration). *See also Bautista v. Star Cruises and Norwegian Cruise Line, Ltd.*, 286 F. Supp. 2d at 1365, *aff'd*, *Bautista v. Star Cruises,* 396 F.3d 1289 (11th Cir. 2005) (affirming order granting motion to compel arbitration).  Each of these courts concluded that the contract of employment and agreement to arbitrate therein arose out of a commercial legal relationship.  Further, language of the SOEA and POEA Contracts clearly

- 7 -

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

Case 1:20-cv-22133-JEM   Document 13   Entered on FLSD Docket 06/08/2020   Page 8 of 10

CASE NO. 1:20-cv-22133-JEM

express their commercial nature. (*See* Exhibit "B"*).* Accordingly, Plaintiff's employment agreements with Celebrity satisfy the third condition.

### 4. At Least One Party to the Agreement Is Not An American Citizen

Finally, the fourth condition is satisfied because Plaintiff is a citizen of the Philippines (Compl., ¶2). Moreover, Plaintiff was employed aboard a ship flagged under the laws of Malta.

### C. The District Courts Have Enforced POEA Contracts Such As The Employment Agreement Plaintiff Signed.

The Southern District of Florida has enforced POEA contracts incorporating the Standard Terms and Conditions requiring arbitration for the resolution of disputes. *See Navarette v. Silversea Cruises Ltd.*, No. 14-CV-20593, 2014 U.S. Dist. LEXIS 183318 (S.D. Fla. 2014) aff'd *Navarette v. Silversea Cruises Ltd.*, 620 F. App'x 793, 794-95 (11th Cir. Aug. 5, 2015). In *Navarette*, the court held that the POEA contract similar to the one here which incorporated the same Standard Terms and Conditions satisfied the "written agreement" requirement of The Convention. *Id.* at *6-7. In *Pagaduan*, the court held that the seaman's contract of employment incorporated by reference the POEA's Standard Terms and Conditions and its arbitration provision as a matter of law, foreclosing any material factual dispute. *Pagaduan v. Carnival Corp.*, No. 16-465, 709 Fed. Appx. 713, 715-16 (E.D.N.Y. Sept. 18, 2017). Pagaduan signed a contract that clearly and unambiguously described the incorporated industry-wide standard documents whose terms applied to the seafarer's employment. *Id.* at 716-17. Thus, the arbitration provision in the Standard Terms and Conditions was enforced. *Id.* at 718.

Celebrity submits that upon the entry on an order directing the parties to arbitration this cause should be dismissed because there is no need for the Court to retain jurisdiction. *Caley v. Gulfstream Aerospace Corp.*, 333 F. Supp. 2d 1367, 1379 (N.D.Ga. 2004), aff'd, 428 F.3d 1359 (11th Cir. 2005). There is ample authority requiring the dismissal of the plaintiff's complaint when all of the issues raised in the district court are subject to mandatory arbitration. *Id.*

### CONCLUSION

For the reasons set forth herein, Defendant CELEBRITY CRUISES INC. respectfully moves this Court to enter an Order directing the parties to proceed to arbitration in the Philippines pursuant to the terms of his Contract of Employment, and dismissing this action.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

CASE NO. 1:20-cv-22133-JEM

Respectfully submitted,

/s/ *Jerry D. Hamilton*
Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Evan Gutwein
Florida Bar No. 58741
egutwein@hamiltonmillerlaw.com
Annalisa Gutierrez
Florida Bar No. 97940
agutierrez@hamiltonmillerlaw.com
Gilda M. Chavez
Florida Bar No. 973173
gchavez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
*Attorneys for Defendant*

Sanford L. Bohrer
Florida Bar No. 160643
sbohrer@hklaw.com
Alex M. Gonzalez
Florida Bar No. 0991200
alex.gonzalez@hklaw.com
Scott D. Ponce
Florida Bar No. 0169528
sponce@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: 305- 374-8500
Facsimile: 305- 789-7799
*Attorneys for Defendant*

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

CASE NO. 1:20-cv-22133-JEM

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 8, 2020, I electronically filed the foregoing document with the Clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ **Jerry D. Hamilton**
Jerry D. Hamilton

## SERVICE LIST

Raul G. Delgado, II
Florida Bar No. 094004
raul@cruiselawyermiami.com
Raulsr@cruiselawyermiami.com
heidi@cruiselawyermiami.com
filing@cruiselawyermiami.com
Delgado Trial Attorneys
10661 N. Kendall Drive, Suite 210
Miami, Florida 33176
Telephone No.: (305) 596-7911
Cell: (305) 972-0817
Facsimile: (305) 397-2654
Toll Free: 1 (877) 372-0817
*Attorneys for Plaintiff*

Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Evan Gutwein
Florida Bar No. 58741
egutwein@hamiltonmillerlaw.com
Annalisa Gutierrez
Florida Bar No. 97940
agutierrez@hamiltonmillerlaw.com
Gilda M. Chavez
Florida Bar No. 973173
gchavez@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
150 Southeast Second Avenue
Suite 1200
Miami, Florida 33131
Telephone:    (305) 379-3686
Facsimile:    (305) 379-3690
*Attorneys for Defendant*

Sanford L. Bohrer
Florida Bar No. 160643
sbohrer@hklaw.com
Alex M. Gonzalez
Florida Bar No. 0991200
alex.gonzalez@hklaw.com
Scott D. Ponce
Florida Bar No. 0169528
sponce@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: 305- 374-8500
Facsimile: 305- 789-7799
*Attorneys for Defendant*

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690