UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-22133-JEM

RYAN MAUNES MAGLANA and
FRANCIS KARL BUGAYONG *on
their own behalf and as class
representatives of all other similarly
situated Filipino crewmembers
trapped aboard CELEBRITY cruise
vessels,*

      Plaintiffs,
v.

CELEBRITY CRUISES INC.,

      Defendant.
_____/

## DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendant CELEBRITY CRUISES, INC. ("Celebrity"), pursuant to 9 U.S.C. §206, petitions the Court to enter an Order directing Plaintiffs, Ryan Maunes Maglana and Francis Karl Bugayong (collectively "Plaintiffs"), to proceed to arbitration in accordance with the terms of the written contracts they signed with Celebrity.

### I. PRELIMINARY STATEMENT

Plaintiffs executed a Sign-On Employment Agreement and the Philippine Overseas Employment Administration Contract of Employment. Those contracts, which govern the parties' relationship, are subject to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention") and require all disputes to be resolved by arbitration in the Philippines under Philippine law. Accordingly, the Court should

enter an Order (1) directing Plaintiffs to proceed to arbitration, as they agreed to do when they signed their employment contracts, and (2) dismissing the Amended Complaint.[1]

## II. STATEMENT OF FACTS

1. Plaintiffs, who are citizens of the Philippines and worked aboard cruise ships operated by Celebrity, filed a five-count Amended Class Action Complaint against Celebrity asserting claims for (1) Preliminary Mandatory Injunction Requiring Repatriation of Defendant's Filipino Crewmembers; (2) Intentional Tort of False Imprisonment; (3) Employment Discrimination on the Basis of National Origin; (4) Wages and Penalties Pursuant to 46 U.S.C. §10313; and (5) Intentional Infliction of Emotional Distress. *See* Am. Comp. (ECF No. 19).

2. Plaintiffs entered into written employment agreements that require all disputes between Plaintiffs and Celebrity – including the claims asserted in the amended complaint – to be resolved by binding arbitration in the Philippines and decided under Philippine law.

   a. Plaintiff Ryan Maunes Maglana ("Maglana") executed certain contracts for employment onboard the *Celebrity Millennium* as a Beverage Controller. *See* "Sign-on Employment Agreement" dated October 23, 2019; "Collective Bargaining Agreement" ("CBA");[2] "Contract of Employment" dated October 18, 2019; and "POEA's Standard Terms and Conditions Governing Filipino Seafarers," attached as

---

[1] Because this Motion is brought under 9 U.S.C. §206, it does not raise the myriad substantive problems with the amended complaint, such as its failure to state a claim, the class action waiver that bars Plaintiffs' attempt to plead a class action, and Plaintiffs' failure to satisfy conditions precedent by attending a conciliation conference as required by the Employment Agreement.

[2] Collective Agreement Between Celebrity Cruises Inc. and Federazione Italiana Trasporti-CISL-ITF International Dept.-Italy on Behalf of Itself and Associated Marine Officers' and Seamen's Union of the Philippines, effective July 1, 2017.

- 2 -

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

Exhibits "A" through "D" and Declaration of Leah Martinez ("Martinez Declaration") attached as Exhibit "G" at ¶¶ 3-7.

  b. Plaintiff Francis Karl Bugayong ("Bugayong") executed certain contracts for employment onboard the *Celebrity Millennium* as a Bar Storekeeper Utility. *See* "Sign-on Employment Agreement" dated January 21, 2020; "Collective Bargaining Agreement" ("CBA"); "Contract of Employment" dated October 3, 2019; and "POEA's Standard Terms and Conditions Governing Filipino Seafarers," attached as Exhibits "B," "D," "E," and "F" and Martinez Declaration at ¶¶ 8-12.

  c. Plaintiffs' personnel records, including their employment agreements, are maintained by Celebrity in the ordinary course of business. *See* Martinez Declaration at ¶¶ 13-18. Each document will be addressed below individually.

3. The "Sign-On Employment Agreement" ("SOEA") executed by each Plaintiff for employment onboard the *Celebrity Millennium* sets forth the basic terms and conditions of employment, including salary and hours. The SOEA requires all grievances to be resolved by arbitration in the Philippines:

> **All grievances and any other dispute whatsoever**, whether in contract, regulatory, statutory, common law, tort or otherwise relating to or in anyway connected with the Seafarers service for the Owners/Company under the present Agreement, including but not limited to claims for personal injury/disability or death, no matter how described, pleaded or styled, and whether asserted against the Owners/Company, Master, Employer, Ship Owner, vessel or vessel operator **shall be referred to and resolved exclusively by mandatory arbitration pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards** (New York 1958), 21 U.S.T. 2517, 330 U.N.T.S., ("The Convention"), except as provided by any government mandated contract.
> . . .
> **Jurisdiction and venue over disputes between Filipino Seafarers and the Owners/Company shall be governed by the terms of the standard Philippines Overseas Employment Administration Contract of Employment ("POEA" Contract")** and the POEA Contract jurisdictional and venue terms shall supersede

- 3 -

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

and take precedence over any conflicting terms set forth in this agreement. (emphasis added).

*See* Exhibits "A" and "E" at *ARBITRATION PROCEDURE*, ¶¶ 1 and 4.

    4.    The SOEA further delegates to the arbitrator broad authority to resolve disputes:

> The arbitrator, not any federal, state or local court or agency shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement including, but not limited to any claim that all or any part of this agreement is void or voidable and as to choice of law.

*See Id.* at *ARBITRATION PROCEDURE*, ¶ 14.

    5.    The SOEA incorporates the CBA. The CBA contains language identical to the arbitration provision in the SOEA requiring arbitration of all disputes whatsoever. *See* Exhibit "B" at Art. 33(1), (4).

    6.    Plaintiffs also signed a contract with the Philippine Overseas Employment Administration ("POEA Contract") for employment that sets forth the basic terms and conditions of employment and incorporates by reference the Governing Board Resolution No. 9 and the Memorandum Circular No. 10, both series 2010. *See* Exhibits "C," and "F."

    7.    The POEA Contract specifically incorporates the POEA's Standard Terms and Conditions Governing the Employment of Filipino Seafarers On Board Ocean-Going Vessels ("POEA's Standard Terms and Conditions"). *See Id.* at ¶ 2. The POEA's Memorandum Circular No. 10 requires the incorporation of and sets the minimum requirements for the POEA's Standard Terms and Conditions. *See* Exhibit "D."

    8.    The Standard Terms and Conditions require that the parties submit their claims and disputes to arbitration. *See* Exhibit "D" at § 29. The Standard Terms and Conditions also state that any dispute, claim or grievance shall be governed by the laws of the Republic of the Philippines, international conventions, treaties and covenants where the Philippines is a

- 4 -

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

signatory. *Id.* at § 31. Such provisions are ordinarily enforced. *Asignacion v. Rickmers Genoa Schiffahrtsgesellschaft mbH & Cie KG*, 783 F.3d 1010, 1015 (5th Cir.2015) *cert. denied*, ––– U.S. ––––, 136 S.Ct. 795, 193 L.Ed.2d 764 (2016) ("Applying Philippine law to a Filipino seaman in a Philippine arbitration, by itself, is not cause for setting aside the award even if American choice of law principles would lead to the application of another nations law.").

9. Plaintiffs filed the instant class action suit notwithstanding the binding written agreement to arbitrate any and all disputes in the Philippines under Philippine law.

### III.   MEMORANDUM OF LAW

Plaintiffs' claims arise out of their employment with Celebrity and are subject to the terms of their employment agreements, which mandate arbitration in the Philippines under Philippine law. By failing to submit their claims to arbitration as required by their employment agreements, Plaintiffs are violating the terms of the contracts they signed and the directives of their own country, which has established the POEA to supervise, regulate, promote, and monitor overseas employment programs for the purpose of ensuring the best terms and conditions of employment for Filipino contract workers. The Court should order Plaintiffs to submit to arbitration in the Philippines under Philippine law pursuant to the terms of their binding and enforceable contracts.

#### A.   Federal Law Favors Arbitration

Federal law strongly favors agreements to arbitrate, particularly in international commercial transactions. *See Scherk v. Alberto-Culver Co.,* 417 U.S. 506 (1974). In *Mitsubishi Motor Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614 (1985), the Supreme Court held:

> Concerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes require that we enforce the parties' agreement, even assuming that a contrary result would be forthcoming in a domestic context.

- 5 -

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

*Id.* at 629.

"[T]here is a strong presumption in favor of freely-negotiated contractual choice of law and forum selection provisions, and this presumption applies with special force in the field of international commerce." *Lindo v. NCL (Bahamas), Ltd.,* 652 F.3d 1257, 1275 (11th Cir. 2011). "Questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration … and doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Adolfo v. Carnival Corp.,* Case No. 02-23672, 2003 U.S. Dist. LEXIS 24143 (S.D. Fla. Mar. 17, 2003) (relying upon *Mitsubishi Motors Corp.* 473 U.S. at 626). *See also Bautista v. Star Cruises*, 396 F.3d 1289, 1295 (11th Cir. 2005) (The Convention Act "generally establishes a strong presumption in favor of arbitration of international commercial disputes.").

### B. The Convention

International arbitration agreements are subject to the Convention, which provides that a court possessing jurisdiction under the Convention must direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or outside the United States. 9 U.S.C. § 206. The SOEA, CBA, POEA Contract and the POEA Terms and Conditions also expressly state that the arbitration is to be held pursuant to the Convention.

In light of the strong policy favoring arbitration, courts conduct "a very limited inquiry" in deciding whether to compel arbitration pursuant to the Convention. *Escobar v. Celebration Cruise Operator, Inc.*, 805 F.3d 1279, 1285 (11th Cir. 2015) (citing *Bautista v. Star Cruises,* 396 F.3d 1289 (11th Cir. 2005)); *Francisco v. Stolt Achievement MT*, 293 F.3d 270, 272 (5th Cir. 2002); *Ledee v. Ceramiche Ragno,* 684 F.2d 184 (1st Cir. 1982). Quite simply, "the Act leaves

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on the issues as to which an arbitration agreement has been signed." *Sedco v. Petroleos Mexicanos Mexican National Oil Co.*, 767 F.2d 1140, 1147 (5th Cir. 1985).

The Court must order arbitration if the following four conditions are met: (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen. *See Lindo*, 652 F.3d 1276 (citing *Bautista*, 396 F.3d at 1294-95). *See also Francisco*, 293 F.3d at 273; *Polychronakis v. Celebrity Cruises, Inc.*, 2008 WL 5191104 (S.D. Fla. 2008); *Doe v. Royal Caribbean Cruises*, 365 F. Supp. 2d 1259 (S.D. Fla. Mar. 18, 2005) *aff'd,* 180 F. App'x 893 (11th Cir. May 18, 2006). Here, all four conditions are met; thus, arbitration must be compelled.

### 1. There is an Agreement in Writing to Arbitrate

The contracts governing Plaintiffs' employment and relationship with Celebrity require the arbitration of the claims asserted in the amended complaint. Specifically, the SOEA executed by Plaintiffs and Celebrity, and also the CBA incorporated into the SOEA, mandate arbitration of all disputes *whatsoever*:

> **All grievances and any other dispute whatsoever**, whether in contract, regulatory, statutory, common law, tort or otherwise relating to or in anyway connected with the Seafarers service for the Owners/Company under the present Agreement, including but not limited to claims for personal injury/disability or death, no matter how described, pleated or styled, and whether asserted against the Owners/Company, Master, Employer, Ship Owner, vessel or vessel operator **shall be referred to and resolved exclusively by mandatory arbitration pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards** (New York 1958), 21 U.S.T. 2517, 330 U.N.T.S., ("The Convention"), except as provided by any government mandated contract.
> . . .
> **Jurisdiction and venue over disputes between Filipino Seafarers and the Owners/ Company shall be governed by the terms of the standard Philippines**

- 7 -

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

> **Overseas Employment Administration Contract of Employment ("POEA" Contract")** and the POEA Contract jurisdictional and venue terms shall supersede and take precedence over any conflicting terms set forth in this agreement. (emphasis added).

*See* Exhibits "A" and "E" at *ARBITRATION PROCEDURE*, ¶¶ 1 and 4, and Exhibit "B" at Art. 33(1), (4).

Plaintiffs also signed the POEA Contract, which was verified and approved by an officer of the Philippines Overseas Employment Administration (POEA) the same day. *See* Exhibits "C" and "F." Paragraph 2 of Plaintiffs' POEA Contract states that the terms and conditions of the contract are to be observed in accordance with Governing Board Resolution No. 9 and Memorandum Circular No. 10, promulgated by the Department of Labor and the POEA in 2010.[3] Those materials, in turn, incorporate the Standard Terms and Conditions Governing The Overseas Employment of Filipino Seafarers On-Board Ocean-Going Ships. *See* Exhibit "D." In relevant part, Section 29 of the Standard Terms and Conditions, reads as follows:

> In cases of claims and disputes arising from this employment, the parties covered by a collective bargaining agreement shall submit the claim or dispute to the original and exclusive jurisdiction of the voluntary arbitrator or panel of arbitrators. If the parties are not covered by a collective bargaining agreement, the parties may at their option submit the claim or dispute to either the original and exclusive jurisdiction of the National Labor Relations Commission (NLRC), pursuant to Republic Act of 1995 or to the original and exclusive jurisdiction of the voluntary arbitrator or panel or arbitrators. If there is no provision as to the voluntary arbitrators to be appointed by the parties, the same shall be appointed from the accredited voluntary arbitrators of the National Conciliation and Mediation Board of the Department of Labor and Employment.

*See* Exhibit "D" at § 29. Thus, the POEA Contract mandates the arbitration of Filipino seamen's claims.

---

[3] The POEA supervises, regulates, promotes, and monitors overseas employment programs for the purpose of ensuring the best terms and conditions of employment for Filipino contract workers. *Bautista v. Star Cruises*, 286 F. Supp. 2d 1352, 1356 (S.D. Fla. 2003). To further this purpose, the POEA periodically issues memorandum circulars setting minimum requirements or standards of compensation and other benefits for overseas Filipino workers, especially seafarers, to keep them on par with prevailing international standards. *Id.*

- 8 -

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

It is indisputable that each Plaintiff signed two contracts that include an arbitration provision; therefore, the first condition is satisfied.

### 2. The Agreement Provides for Arbitration in the Territory of a Convention Signatory

The Philippines is a full signatory to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards through its ratification of The Convention.[4] Therefore, the second condition is satisfied.

### 3. The Agreement Arises Out of a Commercial Legal Relationship

The third condition asks whether the agreement to arbitrate arises from a commercial legal relationship. Seamen employment contracts like the ones at issue here satisfy this element. *See Bautista v. Star Cruises,* 396 F.3d 1289 (11th Cir. 2005) (affirming order granting motion to compel arbitration); *Escobar v. Celebration Cruise Operator, Inc.*, 805 F.3d 1279, 1284-85 (11th Cir. 2015); *Trifonov v. MSC Mediterranean Shipping Co. SA*, 590 F. App'x 842, 843-44 (11th Cir. 2014). Further, the language of the SOEA and POEA Contract clearly expresses their commercial nature. *See* Exhibits "A" through "F". Accordingly, Plaintiffs' employment agreements with Celebrity satisfy the third condition.

### 4. At Least One Party to the Agreement Is Not An American Citizen

Finally, the fourth condition is satisfied because Plaintiffs are citizens of the Philippines (Am. Compl., ¶¶2-3). Moreover, Plaintiffs were employed aboard a ship flagged under the laws of Malta.

---

[4] *See* http://www.newyorkconvention.org/list+of+contracting+states (last visited on July 6, 2020).

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

### C. The District Courts Have Enforced POEA Contracts Such As The Employment Agreement Plaintiffs Signed.

The Southern District of Florida has enforced POEA contracts incorporating the Standard Terms and Conditions requiring arbitration for the resolution of disputes. *See Navarette v. Silversea Cruises Ltd.*, No. 14-CV-20593, 2014 U.S. Dist. LEXIS 183318 (S.D. Fla. 2014) *aff'd* 620 F. App'x 793, 794-95 (11th Cir. Aug. 5, 2015). In *Navarette*, the court held that the POEA contract similar to the one here which incorporated the same Standard Terms and Conditions satisfied the "written agreement" requirement of The Convention. *Id.* at *6-7. In *Pagaduan v. Carnival Cor*p., 709 F. App'x 713, 715-16 (2d Cir. 2017) the court held that the seaman's contract of employment incorporated by reference the POEA's Standard Terms and Conditions and its arbitration provision as a matter of law, thereby foreclosing any material factual dispute. Pagaduan signed a contract that clearly and unambiguously described the incorporated industry-wide standard documents whose terms applied to the seafarer's employment. *Id.* at 716-17. Thus, the arbitration provision in the Standard Terms and Conditions was enforced. *Id.* at 718.

Celebrity submits that upon the entry of an order directing the parties to arbitration, this cause should be dismissed because there is no need for the Court to retain jurisdiction. *Caley v. Gulfstream Aerospace Corp.*, 333 F. Supp. 2d 1367, 1379 (N.D.Ga. 2004), *aff'd*, 428 F.3d 1359 (11th Cir. 2005). There is ample authority requiring the dismissal of the plaintiffs' complaint when all of the issues raised in the district court are subject to mandatory arbitration. *Id.*

### D. Plaintiffs' Attempt To Avoid Arbitration Fails.

In a preemptive attempt to avoid arbitration, the amended complaint alleges that arbitration should not be compelled because doing so would allow Celebrity "to evade any type of governmental oversight or public scrutiny" and "no arbitration provision [in the employment agreements] expressly call (sic) for arbitration of class action employment-related claims, nor

- 10 -

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

contemplate (sic) claims for equitable relief and mandatory injunctions" (Am. Compl., ¶¶67-69). Plaintiffs' attempt to avoid arbitration fails.

This action is at the arbitration-enforcement stage, which is different than (and comes before) the award-enforcement stage. *See Escobar*, 805 F.3d at 1286 (explaining the two stages of enforcement under the Convention). At this arbitration-enforcement stage, "the *only* affirmative defense to arbitration is a defense that demonstrates the arbitration agreement is 'null and void, inoperative or incapable of being performed.'" *See id.* (quoting Article II(3) of the Convention) (emphasis added); *see also Lindo*, 652 F.3d at 1276. Additionally, "[t]he null-and-void clause encompasses *only* those defenses grounded in standard breach-of-contract defenses—such as fraud, mistake, duress, and waiver . . . ." *See Escobar*, 805 F.3d at 1286 (citing *Bautista*, 396 F.3d at 1302; *Lindo*, 652 F.3d at 1272-73) (emphasis added).

Plaintiffs' personal wish for government oversight and public scrutiny of their claims and/or Celebrity is *not* among the limited defenses that can be asserted or considered at this arbitration-enforcement stage. Neither is the issue of whether and to what extent class arbitration or specific forms of relief are available. Moreover, to the extent that those notions can be characterized as implicating public policy or unconscionability, the Eleventh Circuit has squarely held that neither is a defense that can be considered at the arbitration-enforcement stage. *See, e.g., Escobar,* 805 F.3d at 1287 (citing *Lindo*, 652 F.3d at 1276-80; *Bautista*, 396 F.3d at 1301-03) ("[A]n unconscionability defense cannot be raised at the arbitration-enforcement stage."); *id.* (citing *Lindo*, 652 F.3d at 1263) ("Importantly, Article II [of the Convention] contains no explicit or implicit public-policy defense at the initial arbitration-enforcement stage.").

- 11 -

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

CASE NO. 1:20-cv-22133-JEM

## CONCLUSION

For the reasons set forth herein, Defendant CELEBRITY CRUISES INC. respectfully moves this Court to enter an Order directing the parties to proceed to arbitration in the Philippines pursuant to the terms of the binding Employment Agreements, dismissing this action, and granting such other relief deemed just and proper.

Respectfully submitted,

/s/ *Jerry D. Hamilton*
Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Evan Gutwein
Florida Bar No. 58741
egutwein@hamiltonmillerlaw.com
Annalisa Gutierrez
Florida Bar No. 97940
agutierrez@hamiltonmillerlaw.com
Gilda M. Chavez
Florida Bar No. 973173
gchavez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:     (305) 379-3686
Facsimile:     (305) 379-3690
*Attorneys for Defendant*

Sanford L. Bohrer
Florida Bar No. 160643
sbohrer@hklaw.com
Alex M. Gonzalez
Florida Bar No. 0991200
alex.gonzalez@hklaw.com
Scott D. Ponce
Florida Bar No. 0169528
sponce@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: 305- 374-8500
Facsimile: 305- 789-7799
*Attorneys for Defendant*

- 12 -

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

CASE NO. 1:20-cv-22133-JEM

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 6, 2020, I electronically filed the foregoing document with the Clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ **Jerry D. Hamilton**
Jerry D. Hamilton

## SERVICE LIST

Raul G. Delgado, II
Florida Bar No. 094004
raul@cruiselawyermiami.com
Raulsr@cruiselawyermiami.com
heidi@cruiselawyermiami.com
filing@cruiselawyermiami.com
Delgado Trial Attorneys
10661 N. Kendall Drive, Suite 210
Miami, Florida 33176
Telephone No.: (305) 596-7911
Cell: (305) 972-0817
Facsimile: (305) 397-2654
Toll Free: 1 (877) 372-0817
*Attorneys for Plaintiff*

Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Evan Gutwein
Florida Bar No. 58741
egutwein@hamiltonmillerlaw.com
Annalisa Gutierrez
Florida Bar No. 97940
agutierrez@hamiltonmillerlaw.com
Gilda M. Chavez
Florida Bar No. 973173
gchavez@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
150 Southeast Second Avenue
Suite 1200
Miami, Florida 33131
Telephone:     (305) 379-3686
Facsimile:     (305) 379-3690
*Attorneys for Defendant*

Sanford L. Bohrer
Florida Bar No. 160643
sbohrer@hklaw.com
Alex M. Gonzalez
Florida Bar No. 0991200
alex.gonzalez@hklaw.com
Scott D. Ponce
Florida Bar No. 0169528
sponce@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: 305- 374-8500
Facsimile: 305- 789-7799
*Attorneys for Defendant*