UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-22133-MARTINEZ/OTAZO-REYES

RYAN MAUNES MAGLANA and FRANCIS KARL BUGAYONG *on their own behalf and as class representatives of all other similarly situated Filipino crewmembers aboard* CELEBRITY *cruise vessels*,

    Plaintiffs,

v

CELEBRITY CRUISES INC.,

    Defendant.

_____/

**CLASS ACTION & DEMAND FOR JURY TRIAL**

**PLAINTIFFS' RESPONSE IN OPPOSITION TO CELEBRITY'S MOTION TO STAY DISCOVERY AND FOR EXPEDITED TREATMENT**

Plaintiffs, RYAN MAUNES MAGLANA and KARL FRANCIS BUGAYONG, on their own behalf and on behalf of all other similarly situated Filipino crewmembers (hereinafter "PLAINTIFFS"), oppose Defendant's Motion to Stay Discovery and for expedited treatment and respond:

1. Celebrity's most recent submission to the Court [D.E. 39] is just the latest example of Defendant's distaste for following Orders of any sort.

2. The submission should not be taken at face value because it fails to accurately apprise the Court of the procedural history of this case or even acknowledge the existence of the Court's Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge [D.E. 36] (hereinafter "Scheduling Order").

3. As will be explained in further detail below, Defendant's Motion to Stay Discovery lacks merit and the Court is well within its discretion to deny it accordingly.

### I. The Motion impermissibly omits critical important information.

4. As a preliminary matter, Celebrity claims that discovery should be stayed but critically neglects to mention that the Court has already Ordered that "**Discovery in this case shall be conducted…**" [D.E. 36 at ¶ 6].

5. The Scheduling Order and the provisions concerning discovery were specifically referenced during the parties' good-faith conferral before Defendant filed its motion, eliminating the possibility of mistake or ignorance. Nonetheless, Defendant's motion was filed with the Court and neglects to mention the existence of the Court's Scheduling Order.

6. Although Defendant could have asked the Court for Clarification or relief under Fed. R. Civ. P. 60, it elected to ignore the Order altogether.

7. Celebrity waited until the week after Plaintiffs propounded their initial discovery requests, a full **eleven days**[1] after the Court's Scheduling Order was entered, before filing its motion.

8. After considerable delay, Celebrity's first argument attacks the Court's Scheduling Order's provisions allowing for discovery under the Rules by indirectly complaining that exchange of evidence and testimony would be a "waste of time and expense".

9. Although Celebrity is entitled to its own opinion, it is certainly not shared by Plaintiffs, whose ability to secure justice on the merits of their claim is neither a waste of time nor resources in the context of the intentional acts which they contend that Defendant has committed.

---

[1] Celebrity refers to the elapsed time as "2 business days" which is calculated from when the discovery was propounded, as opposed to the date the Court's Scheduling Order was entered on August 20th.

º 2 º

**Delgado Trial Attorneys • 10631 N. Kendall Drive, Suite 130 • Miami, FL 33176
O: (305) 596-7911 • C: (305) 927-3678 • Toll Free (877) 372-0817 • F: (305) 397-2654
www.CruiseLawyerMiami.com**

10.  In addition to inexplicably omitting reference to the Court's Scheduling Order, Celebrity also fails to mention the Court's Order requiring the parties to mediate this dispute by November 1st [D.E. 38].

11.  Without the opportunity to conduct discovery and investigate their claims, Celebrity knows that Plaintiffs' ability to meaningfully participate in mediation and explore an amicable resolution of the dispute would be critically impaired.

12.  Plaintiffs' ability to discover critical liability and damages evidence that is entirely within the Defendant's care, custody and control will invariably determine the Plaintiffs' ability to exhaust all avenues of reaching an amicable resolution of the claim.

13.  Conversely, it is undisputed that a party with the burden of proof can succeed only when there is competent admissible evidence to prove their claim. Limiting a party's access to obtain the evidence needed to satisfy their burden all but guarantees an outcome that favors an unburdened adversary.

14.  Celebrity's strategic efforts to limit Plaintiffs' ability to pursue discovery is little more than a calculated effort to obtain a guaranteed outcome in its favor. Its interest in an "inexpensive and expedient" resolution comes at the expense at the parties aggrieved by Defendant's conduct. Claims presumably are resolved cheaply and quickly when they are summarily dismissed due to an insufficiency of evidence, but convenience cannot be a substitute for justice.

15.  Defendant's second argument inaccurately conflates the issue of voluntarily litigating a dispute with compliance with a court order in the case at bar.

16.  In fact, at no point in the proceedings have Plaintiffs argued that Defendant's participation in discovery will act as a waiver of its alleged right to arbitrate.

17. And unlike the cases cited to by Defendant to support its contextually inapposite arguments, **Plaintiffs here do not argue** "that, if [CELEBRITY] participates in discovery, it will be deemed to have waived its request to arbitrate." *Harrell's LLC v. Agrium Advanced (U.S.) Techs., Inc.*, 2011 U.S. Dist. LEXIS 48075, at *5 (M.D. Fla. Apr. 27, 2011). (emphasis added). Moreover, the waiver issue raised by Defendant is little more than a red herring because even within the context of arbitration, parties can seek leave to conduct discovery without waiving any claimed right to arbitrate. See e.g. *Abdul Latif Jameel Transp. Co. v. FedEx Corp. (In re Application to Obtain Discovery for Use in Foreign Proceedings)*, 939 F.3d 710 (6th Cir. 2019).

18. Further, Defendant's claimed fear of waiving any legal right it may have by complying with a Court Order absurdly overlooks the fact that other than this Court and the appellate courts which oversee the decisions from this District, who would be in a position to ruloe on Defendant's alleged waiver argument? As Plaintiffs have already represented to the Court, this argument is entirely baseless and the legal authority upon which it relies deals with cases analyzing hypotheticals as made evident by the numerous instances of qualifying language such as "could", "if", "may", "possibly" or "often".

## II. Celebrity is not entitled to the equitable remedies because of its Unclean Hands.

19. As explained in Plaintiff's Response in Opposition to Defendant's Motion to Compel Arbitration, Defendant's own inequitable conduct of terminating the Plaintiffs' entitlement to wages on a unilateral basis is the undisputed cause of the dispute in the case at bar.

20. Celebrity has forfeited its right to any equitable remedies relating to the issues caused by that conduct. This includes the equitable remedy of specific performance (compelling arbitration) as well as injunctions (staying discovery). This alone is grounds to deny Celebrity's motion.

### III.   The Motion unreasonably multiplies the proceedings in this case

21.   A cursory review of Defendant's submission reveals little more than a *thinly veiled* attempt to relitigate the arbitration issues by co-counsel despite being fully briefed since July 27th. Defendant also seeks an "expedited" ruling on the issue despite the reality that whatever Defendant's contended prejudice is, the cause of the prejudice can only be attributed to its eleven-day delay in seeking relief.  A party's own lack of diligence cannot satisfy the "good cause" requirement under Local Rule 7.1(d).

22.   Fed. R. Civ. P. 11(b) and 28 U.S.C. § 1927 both empower the Court to issue sanctions for submitting unreasonable or vexatious pleadings, which includes multiplying proceedings to harass an adversary or cause unnecessary delay.

23.   Under 28 U.S.C. § 1927 "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably or vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Macort v. Prem, Inc.*, 208 F. App'x 781, 785 (11th Cir. 2006).

24.   Defendant's efforts to continually relitigate issues, needlessly multiplying these proceedings violates both the letter and spirit of the Rules which frown on gamesmanship and semantic gymnastics.

25.   As stated by the Eleventh Circuit, sanctions are warranted when a party "knowingly or recklessly . . . engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Macort v. Prem, Inc.*, 208 F. App'x 781, 785-86 (11th Cir. 2006).

26.   Celebrity's argument that Plaintiffs should be deprived of the ability to have their claims resolved on the merits should be rejected by this Court as a miscarriage of justice.

Defendant's motion is deficient and baseless, and accordingly, Plaintiffs respectfully submit the Court is well within its discretion to deny Defendant's repeated efforts to silence Plaintiffs.

**WHEREFORE** Plaintiffs RYAN MAUNES MAGLANA and FRANCIS KARL AUSTRIA BUYAGONG on their own behalf and on behalf of all similarly situated Filipino seafarers in CELEBRITY'S fleet, respectfully request the Court DENY Celebrity's Motion to Stay Discovery, and for any and all other relief at law or in equity that the Court deems just and proper.

**Dated:** **September 2nd, 2020**
**Miami, Florida**

BY: _____
Raul G. Delgado II, Esq.
Florida Bar No. 094004

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 2nd, 2020 I electronically filed this document using the Court's CM/ECF system, which will automatically serve a copy on all counsel of record in the service list included below..

BY: _____
Raul G. Delgado II, Esq.
Florida Bar No. 094004
raul@cruiselawyermiami.com
Raulsr@cruiselawyermiami.com
heidi@cruiselawyermiami.com
filing@cruiselawyermiami.com
Delgado Trial Attorneys
*Attorneys for Plaintiff*
10631 N. Kendall Drive, Suite 130
Miami, FL 33176
Ph:         (305) 596-7911
Cell:       (305) 972-0817
Fax:        (305) 397-2654
Toll Free:  1(877) 372-0817

º 6 º

Delgado Trial Attorneys • 10631 N. Kendall Drive, Suite 130 • Miami, FL 33176
O: (305) 596-7911 • C: (305) 927-3678 • Toll Free (877) 372-0817 • F: (305) 397-2654
www.CruiseLawyerMiami.com

Maglana v. Celebrity Cruise Inc.<br>Case No.: 1:20-cv-22133-JEM/AOR

## SERVICE LIST

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-22133-CIV-MARTINEZ/OTAZO-REYES**

Plaintiffs **RYAN MAUNES MAGLANA** and **FRANCIS KARL BUGAYONG,** *on their own behalf and as class representatives for all other similarly situated Filipino crewmembers trapped aboard* **CELEBRITY** *cruise vessels*,

v.

Defendant, **CELEBRITY CRUISES INC.**

| | |
|---|---|
| **Raul G. Delgado II, Esq.**<br>Florida Bar No. 094004<br>raul@cruiselawyermiami.com<br>heidi@cruiselawyermiami.com<br>filing@cruiselawyermiami.com<br>**Raul G. Delgado, Esq.**<br>Florida Bar No. 236969<br>raulsr@cruiselawyermiami.com<br>**Delgado Trial Attorneys**<br>*Attorneys for Plaintiff*<br>10631 N. Kendall Drive, Suite 130<br>Miami, Florida 33176<br>Telephone: (305) 596-7911<br>Facsimile: (305) 397-2654<br>Toll free: 1 (877)372-0817 | HOLLAND & KNIGHT LLP<br>701 Brickell Avenue, Suite 3300<br>Miami, Florida 33131<br>(305) 374-8500 (telephone)<br>(305) 789-7799 (facsimile)<br>Sanford L. Bohrer (FBN 160643)<br>sbohrer@hklaw.com<br>Alex M. Gonzalez (FBN 0991200)<br>alex.gonzalez@hklaw.com<br>Scott D. Ponce (FBN 0169528)<br>sponce@hklaw.com |
| | HAMILTON, MILLER, & BIRTHISEL LLP<br>Jerry D. Hamilton (FBN 970700)<br>jhamilton@hamiltonmillerlaw.com<br>Evan S. Gutwein (FBN 58741)<br>egutwein@hamiltonmillerlaw.com<br>Annalisa Gutierrez (FBN 97940)<br>agutierrez@hamiltonmillerlaw.com<br>150 S.E. Second Avenue, Suite 1200<br>Miami, Florida 33131<br>(305) 379-3686 (telephone)<br>(305) 279-3690 (facsimile)<br>Attorneys for Defendant |

Delgado Trial Attorneys • 10631 N. Kendall Drive, Suite 130 • Miami, FL 33176
O: (305) 596-7911 • C: (305) 927-3678 • Toll Free (877) 372-0817 • F: (305) 397-2654
www.CruiseLawyerMiami.com